1
2
3
4
5

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

6
7
8
9
10

MARIA CEJA,

     Plaintiff,

v.

THE VONS COMPANIES, INC., et al.,

     Defendants.

Case No. 2:21-cv-00614-CDS-NJK

**ORDER IMPOSING SANCTIONS**

11      On February 28, 2022, this Court issued an order setting a settlement conference for April
12 21, 2022.  Docket No. 18.  That order outlined the requirements for attending the settlement
13 conference, including that any non-individual party was required to have present "an officer or
14 representative with binding authority to settle this matter up to the full amount of the claim or last
15 demand made."  *Id.* at 2.  After the Court and the parties had already spent two hours engaged in
16 the settlement conference, it became clear that Defendant's counsel failed to comply with this
17 order and, instead, arranged for the attendance of a defense representative with a predetermined
18 settlement authority below the full amount of the claim.  Following the settlement conference, the
19 Court issued an order to show cause requiring Defendant and defense counsel to show cause as to
20 why they should not be sanctioned for this behavior.  Docket No. 24.  Now before the Court is
21 Defendant's response to the Court's order to show cause.  Docket No. 27.  For the reasons
22 discussed more fully below, the Court hereby **SANCTIONS** Defendant and Mr. Guzik.

23    **I.**    **STANDARDS**

24      Litigants are required to follow Court orders.  Federal Rule of Civil Procedure 16(f)
25 provides that the Court may order any "just" sanctions, including those outlined in Federal Rule
26 of Civil Procedure 37(b)((2)(A)(ii)-(vii), if a party or its attorney fails to obey a pretrial order or is
27 substantially unprepared to participate in a pretrial conference.  Violations of Federal Rule 16 are
28 neither technical nor trivial.  *Martin Family Trust v. Heco/Nostalgia Enterps. Co.*, 186 F.R.D.

6011, 603 (E.D. Cal. 1999). It is clear that "the rule is broadly remedial and its purpose is to encourage forceful judicial management." *Sherman v. United States*, 801 F.2d 1133, 1135 (9th Cir. 1986). As the Ninth Circuit has emphasized, a pretrial order "is not a frivolous piece of paper, idly entered, which can be disregarded . . . without peril." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992).

Litigants have an "unflagging duty to comply with clearly communicated case-management orders. . . ." *Martin Family Trust*, 186 F.R.D. at 604 (citations omitted). Whether the party and/or its counsel disobeyed the court order intentionally is impertinent; sanctions may be imposed when the parties and their counsel disobeyed a court order. *See Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 769 (9th Cir. 2001). Both courts and commentators agree that sanctions can be imposed for a party's unexcused failure to comply with a Rule 16 order, even if that failure was not made in bad faith. *See, e.g.*, *Ayers v. City of Richmond*, 895 F.2d 1267, 1270 (9th Cir. 1990); *Harrel v. United States*, 117 F.R.D. 86, 88 (E.D.N.C. 1987); 6A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1531 (1990) ("The fact that a pretrial order was violated is sufficient to allow some sanction").

Federal Rule 16(f) applies to all pretrial orders, including court-mandated settlement conferences. *See, e.g.*, *Pittman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 483 (D. Ariz. 2003), *amended on review on other grounds*, 2003 WL 23353478 (D. Ariz. 2003). Indeed, the Ninth Circuit has repeatedly upheld sanctions imposed for failing to comply with orders regarding settlement conferences. *See, e.g.*, *Lucas Auto.*, 275 F.3d at 769; *Official Airline Guides, Inc. v. Goss*, 6 F.3d 1385, 1396 (9the Cir. 1993); *Ayers v. City of Richmond*, 895 F.2d at 1270. *See also Wilson v. KRD Trucking W.*, 2013 WL 836995, at *5 (D. Nev. Mar. 6, 2013). Similar to Federal Rule 16(f), this Court's Local Rules also provide the Court with authority to impose "any and all appropriate sanctions on an attorney or party who . . . [f]ails to comply with any order of this Court." LR IA 11-8.

## II.   FACTUAL BACKGROUND

Court-ordered settlement conferences provide an important vehicle for the parties to attempt to resolve their dispute short of trial. The Court expends significant time preparing for

and conducting them and takes them very seriously.  Settlement conferences are not meaningful absent attendance by those with full settlement authority.  *E.g.*, *Nick v. Morgan's Food, Inc.*, 270 F.3d 590, 597 (8th Cir. 2001) (attendance at a mediation with a corporate representative with limited authority "is to in effect negate the ability of that mediation to in any way function, much less be successful").  To that end, the Court's settlement conference order set forth attendance requirements and, for non-individual parties, required the presence of "an officer or representative with binding authority to settle this matter up to the full amount of the claim or last demand." Docket No. 18 at 2.  Furthermore, the Court's order was clear, even emphatic that "**FAILURE TO COMPLY WITH THE REQUIREMENTS SET FORTH IN THIS ORDER WILL SUBJECT THE NON-COMPLIANT PARTY AND/OR COUNSEL TO SANCTIONS UNDER FEDERAL RULE OF CIVIL PROCEDURE 16(f)**."  *Id.* at 4 (emphasis in original).

Mr. Guzik and Defendant failed to comply with this requirement, appearing at the settlement conference with a defense representative who lacked full settlement authority.  Instead, Mr. Guzik appeared with Betty Hanger, a representative with settlement authority only up to $200,000.  *See, e.g.*, Docket No. 23.  When it became clear at the settlement conference that Ms. Hanger had limited settlement authority, the Court inquired as to why Mr. Guzik failed to appear with a representative with proper settlement authority.  Mr. Guzik indicated that Defendant had determined its valuation of the claims prior to the settlement conference and that Ms. Hanger had settlement authority consistent with its valuation of the claim.  *See* Docket No. 27 at 3.  The Court then provided Mr. Guzik and Ms. Hanger a short period of time to call and see whether Defendant could increase its settlement authority.  At this point, the settlement conference had already been going on for two hours.  When Defendant was unable to increase its authority, the parties were at an impasse and the settlement conference ended.

### III.    ANALYSIS

In responding to the order to show cause, Defendant contends that an imposition of sanctions against Defendant and defense counsel would be inappropriate because the language in the Court's scheduling conference order is ambiguous and they complied in good faith on a misinterpretation of the language.  Docket No. 27 at 2.

Mr. Guzik argues primarily that his appearance at the settlement conference with a representative having only $200,000 in settlement authority was justified because the Court's scheduling conference order requiring authority of "either the full amount of the claim or the last demand made" could be understood in multiple ways.  Docket No. 27 at 3.  Defendant submits that no settlement demands were made prior to the settlement conference and, therefore, it determined its settlement authority based on the full amount of the claim.  *Id.*  Defendant submits that defense counsel's understanding was that the full amount of the claim was and remains to be in dispute and that Defendant only needed to bring a representative with settlement authority consistent with its evaluation of the claim.  *Id.*   Defendant submits that it understood this determination as complying with the Court's settlement conference order and, further, that it would be impractical for it to bring settlement authority above that valuation as the amount of the claim was unspecified prior to the settlement conference.  *Id.*

Defendant's arguments about its understanding of the meaning of "the full amount of the claim" are without merit.  The Court fails to see any reasonable interpretation of the term "up to the full amount of the claim" to mean a party's own valuation of the claim.  To allow that interpretation would defeat the point of having a settlement conference at all.  *See, e.g., Wilson*, 2013 WL 836995, at *5.

Moreover, the Court finds that Defendant's representations about the full amount of the claims being unspecified prior to the settlement conference are without merit.  The parties' main contentions in their briefing centered around the damages calculations Plaintiff provided to Defendant and Defendant's expert's significantly lower valuation of the damages.  Moreover, this information was shared with Defendant in Plaintiff's initial disclosures.  *See* Fed. R. Civ. P. 26(a)(1)(A)(iii).  Defendant was well aware of Plaintiff's valuation of the case at least one week prior to the settlement conference when it submitted its briefing for the settlement conference.  Any representation to the Court that Defendant was unaware of Plaintiff's valuation of damages rings hollow.

Finally, Defendant's submission that good faith reliance on a misinterpretation should excuse it and defense counsel's behavior is incorrect.  Bad faith is not required for the Court to

find that sanctions are warranted pursuant to Rule 16.  *See, e.g.*, *Ayers*, 895 F.2d at 1270.  While Defendant and defense counsel may have not intentionally disregarded the Court's order, they nonetheless violated the Court's clear attendance requirements.  This violation caused a significant waste of time and resources on the part of the Court and the other participants in the settlement conference.

## IV.   SANCTIONS

Having reviewed this matter, the Court finds that Defendant and Mr. Guzik's explanations fail to justify their non-compliance with this Court's clear order.  Their failure to abide by the order has both disrupted this Court's management of its docket and resulted in additional expense in the administration of this case.  *See Sanders v. Union Pacific R.R. Co.*, 154 F.3d 1037, 1041 (9th Cir. 1988).  Therefore, sanctions are appropriate as a means of deterring the neglect of Defendant and Mr. Guzik's Rule 16 obligations.

The Court has broad discretion in fashioning appropriate sanctions for violation of a court order.  *See Wilson*, 2013 WL 836995 (citing *Official Airline Guides, Inc.*, 5 F.3d at 1396)).  In determining the appropriate sanction, the Court notes that a primary objective of Rule 16(f) is the deterrence of conduct that unnecessarily consumes the Court's time and resources that could have been more productively used by litigants willing to follow the Court's order.  *Martin Family Trust*, 186 F.R.D. at 603.  Therefore, the Court also considers the resources wasted by the parties due to the violation of the Court's order.  *See* Rule 16(f)(2).

## V.   CONCLUSION

For the reasons discussed above, the Court hereby **SANCTIONS** Mr. Guzik and Defendant, jointly and severally, in the amount of 40% of Plaintiff's reasonable attorneys' fees and costs incurred in preparing for and attending the settlement conference.

Defendant and Mr. Guzik must immediately meet and confer with Plaintiff regarding the reasonable attorneys' fees and costs due to their failure to comply with the Court's order.  If the parties come to an agreement, they must file notice with the Court, so stating, no later than May 11, 2022.  To the extent that the parties are not able to agree on the amount of those fees and costs, Plaintiff must file full documentation of the attorneys' fees and costs incurred in preparing for and

attending the settlement conference, no later than May 16, 2022.   Defendant may respond to Plaintiff's filing, no later than May 20, 2022.

IT IS SO ORDERED.

Dated: May 3, 2022

_____
Nancy J. Koppe
United States Magistrate Judge